UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KENNY V. DAVIS, | ) | Civil Action No.: 4:13-cv-1154-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| WILLIAM BAIRD and KYLE HAUSE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights during a traffic stop. Presently before the court is Plaintiff's Motion to Compel (Document # 31). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

Plaintiff served Interrogatories and Requests for Production on Defendants on July 22, 2013. Plaintiff filed the present Motion to Compel on November 19, 2013. Thereafter, Defendants filed a Response (Document # 34) asking that Plaintiff's Motion be denied because they served responses to Plaintiff's discovery requests on December 9, 2013. In his Reply (Document # 35), Plaintiff notes that Defendants lodged several objections in their responses, but that they forfeited any right to object on any non-privilege grounds by failing to respond within the deadline. The court notes that Defendants' discovery responses were untimely, see Rule 33(b)(4), Fed.R.Civ.P. and Westdale Recap Properties, Ltd. v. NP/I & G Wakefield Commons, LLC, 2013 WL 5424844, *4 (E.D.N.C. Sept. 23, 2013), and Plaintiff's Motion to Compel was untimely, see Local Civil Rule 37.01(A).

Nevertheless, in Interrogatory 3, Plaintiff asks, "For any criminal case in which you have been involved as an investigatory officer, list by case name and number each case where a defendant successfully moved to suppress evidence as unconstitutionally obtained." Defendants object to the

Interrogatory as irrelevant, unduly burdensome and not likely to lead to the discovery of admissible evidence. They also assert that they do not keep any such statistics. Plaintiff argues that the requested information is relevant to whether punitive damages are appropriate and for impeachment purposes should Defendants assert that they do not violate a suspect's constitutional rights. Furthermore, Plaintiff asserts that even if Defendants do not keep formal records of such information, they should disclose any cases they can remember. The requested information is relevant to the claims raised in Plaintiff's complaint. Thus, Plaintiff's Motion is granted as to Interrogatory 3 as limited by Plaintiff to identify those cases which Defendants can remember and as further limited to cases within the last five years.

In Interrogatory 6, Plaintiff asks "[i]s every document that the Defendants produced in response to Plaintiff's First Set of Requests for Production 'authentic' for purposes of Fed.R.Evid. 901? If not, why not?" Defendants state they are not qualified to render a legal opinion and Plaintiff argues that an interrogatory may properly ask for legal contentions. Rule 33(a)(2), Fed.R.Civ.P., provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." However, Rule 33 contemplates legal contentions regarding the allegations or defenses and is not applicable to the information sought in this Interrogatory. This information is more properly obtained through a Request to Admit pursuant to Rule 36, Fed.R.Civ.P. Thus, Plaintiff's Motion is denied as to Interrogatory 6.

In Interrogatory 8, Plaintiff asks "[h]as the drug dog that came to Mr. Davis' car ever falsely reported the presence of drugs any other times? If so describe each such false alert and provide the contact information for any witnesses to the false report." Defendants object because they "deny the drug dog falsely reported in this incident." This is not a proper objection under the Federal Rules of Civil Procedure. Furthermore, the requested information is relevant to Plaintiff's allegations.

-2-

Thus, the Motion to Compel is granted as to Interrogatory 8.

In Request for Production 6, Plaintiff requests "[a]ll traffic tickets (including written warnings) that each Defendant wrote during the sixty days before Mr. Davis' stop on January 10, 2013." Defendants object on the grounds that the request is irrelevant, unduly burdensome and not likely to lead to admissible evidence. However, Plaintiff's limitation to a sixty-day time period relieves any undue burden. Further, the information is relevant to Plaintiff's equal protection cause of action. Therefore, Plaintiff's Motion to Compel is granted as to Request for Production 6.

For the reasons discussed above, Plaintiff's Motion to Compel (Document # 31) is **GRANTED in part and DENIED in part** as set forth above and Defendants must serve responses to the discovery requests cited above within fifteen days of the date of this order.

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 18, 2014
Florence, South Carolina